IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DONALD BLUBAUGH,<br><br>　　Plaintiff,<br><br>v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>　　Defendant. | §§§§§§§§§§§§§<br><br>Case No. 6:22-cv-397-JDK-KNM |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Donald Blubaugh appeals a final decision of the Social Security Administration Commissioner. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On July 27, 2024, Judge Mitchell issued a Report and Recommendation recommending that the Court affirm the Commissioner's final decision and dismiss this Social Security appeal with prejudice. Docket No. 17. Plaintiff filed objections. Docket No. 18.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff asserts that the ALJ failed to consider his inability to afford treatment and argues that SSR 16-3p "plainly states that the ALJ must consider potential justifications for Plaintiff's sparse treatment, and it specifically provides that the inability to pay for treatment is one such valid justification." Docket No. 18, at 1. Social Security Rulings are not binding on the Court, but "may be consulted when the statute at issue provides little guidance." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001).

The ruling relied on by Plaintiff—SSR 16-3p—provides guidance concerning how the Commissioner considers the intensity, persistence, and limiting effects of symptoms in disability claims. "[I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, [the Commissioner] may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record." SSR 16-3p, 2017 WL 5180304, at 9. The Commissioner "will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." *Id*. The ruling further states that the Commissioner "may consider . . . [that] an individual may not be able to afford treatment and may not have access to free or low-cost medical

2

services," when considering his treatment history. *Id.* at 9–10. In addition, the ruling provides:

> The above examples illustrate possible reasons an individual may not have pursued treatment. However, we will consider and address reasons for not pursuing treatment that are pertinent to an individual's case. We will review the case record to determine whether there are explanations for inconsistencies in the individual's statements about symptoms and their effects, and whether the evidence of record supports any of the individual's statements at the time he or she made them. We will explain how we consider the individual's reasons in our evaluation of the individual's symptoms.

*Id.* at 10.

Here, the ALJ's two references to "no evidence of ongoing treatment" and "minimal evidence of psychological treatment" are not contrary to the requirements of SSR-16-3p. *See* Docket No. 9-2 at 23–24. The ALJ's written decision appropriately explains that his findings concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms are derived from inconsistencies between the objective medical evidence in the record and Plaintiff's subjective complaints and self-reported activities, such as detailing cars two to three days per week, as opposed to the lack of consistent treatment. *Id.* at 19–24. The ALJ noted Plaintiff's "history of inconsistencies between his subjective complaints and objective medical evidence" and then detailed the objective examination findings that did not comport with Plaintiff's complaints. *Id.*

The remaining objections assert that the ALJ failed to adequately develop the record and improperly inserted his own lay opinion into his findings. Plaintiff argues that the medical record was insufficient to assess his functional capacity and limitations, such that the ALJ should have ordered a consultative examination. In

3

the unreported case relied upon by Plaintiff, *Hardine v. Kijakazi*, 2022 WL 2070399 (5th Cir. 2022) (per curiam), the Fifth Circuit echoed the findings in the Report that the ALJ has a duty to adequately develop the record, but a consultative examination is only required when necessary to enable the ALJ to make the disability decision.  Plaintiff faults the Magistrate Judge for addressing his failure to show prejudice, but the Fifth Circuit recognized in *Hardine* that an alleged failure to develop the record "is not reversible error unless the claimant is prejudiced" and that establishing prejudice requires the claimant to "show that he could and would have adduced evidence that might have altered the result." *Id.* at 2 (quoting *Webster v. Kijakazi*, 19F.4th 715, 720 (5th Cir. 2021) and *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)).  Neither Plaintiff's briefing nor his objections establish prejudice resulting from the ALJ's failure to request a consultative examination.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct and that Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 17) as the opinion of the Court.  The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this case with prejudice.

So **ORDERED** and **SIGNED** this **16th** day of **September, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4